### The PEOPLE *against* DANIEL FLANDERS.

### The SAME *against* SAMUEL HAUY.

*Forging a deed · within this state, for lands lying in the Missouri territory, or in another state, is an offence indictable and punishable under the acts to prevent forgery; and declaring the punishment of crimes. (1 N. R. L. 405, 408.*

THE prisoners were indicted, tried, and convicted, at the last Court of Oyer and Terminer and Gaol Delivery, in *Rensselaer* County, for the forgery of a deed of land, described as situated in the *territory of Missouri north.* The presiding judge considering the cases proper for the consideration of the Court, no judgments were given, and the prisoners and the records of conviction were accordingly brought up to this court.

*Cady* for the prisoners. *By the act to prevent forgery,* (1 *N. R. L.* 405. *sess.* 36 *ch.* 44.) and the act *declaring the punishment for certain crimes,* (*sess.* 36 *ch.* 27. *s.* 41. *N. R. L.* 408.) every person who shall be duly convicted of falsely making, altering, forging, or counterfeiting any deed affecting the title to real estate, with intention to defraud any person, or body politic or corporate whatsoever, or of uttering and publishing, as true, any false, altered, forged or counterfeited deed, affecting the title to real estate, with intention to defraud any person, or body politic or corporate whatsoever, knowing the same to be false, altered, forged, or counterfeited, shall be punished with imprisonment for life in the state prison, or for such term as the Court may, in their discretion, deem proper. These statutes must be deemed to have been passed for the protection of titles to lands in this state. Our legislature have no jurisdiction or authority as to lands in other states. Although there are no words in

these statutes expressly confining their operation to the forging of deeds affecting titles to lands in this state, yet that is the natural and necessary implication, unless otherwise expressed. The statute of 5 *Eliz. c.* 14. as to forging deeds, has been adjudged not to extend to the forging a lease or deed of lands in *Ireland.* (1 *Hawk, ch.* 70. *s.* 20. 2 *Hale, P. C.* 684. *East, C. L.* 921. 3 *Leo.* 170.)

*M'Manus,* (*D. A.*) *contra.* Forgery, like other crimes, must be tried where the crime is committed. If a person in *Massachusetts* forges a deed for lands in this state, he cannot be punished at all, if the doctrine contended for by the prisoner's counsel is to prevail. It is immaterial where the lands are; the essence of the offence is the fraud attempted to be practised within this state, and upon our own citizens. The relation existing between the different states is very different from that which existed between *England and Ireland* at the time when the case in *Leonard* was decided.

SPENCER, Ch. J. delivered the opinion of the Court. The question presented by the record is this, whether, as the lands in relation to which the forgery has been committed, are without this state, the offence is within the statute to prevent forgery and counterfeiting? (1 *R. L.* 404.) The statute, so far as relates to this offence, enacts, that if any person shall falsely make, alter, forge or counterfeit any deed or writing sealed, with intention to defraud any person, or body politic or corporate whatsoever, or shall utter and publish the same as true, knowing the same to be false, altered, forged and counterfeited, then every such person, being thereof convicted according to the due course of law, shall be deemed guilty of felony. The act declaring the punishment of certain crimes, (1 *R. L.* 408.) authorizes the punishment for such offences.

The prisoners' counsel have referred us to 3d *Leonard,* 170. as an authority, that the offence is not within the statute. In that case a complaint was made to the star chamber that a lease of lands in *Ireland* had been forged, and a reference was made to the two chief justices of the points of law arising in the case. They reported it as their opinion, that it was not a forgery within the statute of 5*th Eliz. ch.* 14. That

statute is general, and includes any false deed, charter or writing sealed. *East*, (2 C. L. 921.) in noticing that case, says, " the forgery of a lease of lands in *Ireland* is said not to be within this statute, but punishable as a misdemeanour at common law. *Hawkins* (ch. 70. s. 20.) merely states the position, and refers to the case in *Leonard*. No other case is to be found, at least, neither the researches of the counsel, nor of the Court, have discovered any other, affirming or denying the principle. We cannot recognize the authority of the case in *Leonard* : neither the character of the Court in which the question originated, nor the manner adopted to ascertain the law, by a reference to two of the Judges, before whom no argument took place, as we are informed by the reporter, are entitled to our respect. The essence of the crime of forgery consists in the intention to defraud a person. Thus, it has been held to be forgery to antedate a deed by the person who executes it, with the fraudulent intention that such antedated deed shall take preference of another deed of the same lands actually first executed. So, also, it has been held to be forgery to erase the description of the lands conveyed, and insert other lands conveyed to another person subsequently to the first deed, with intention to defraud such person. In these cases, the forgery consists altogether in the fraud attempted to be effected ; for it is perfectly innocent to antedate a deed, or to alter it with the consent of the grantee, if no other person be affected, or injured thereby. *Chitty* (*C. L.* vol. 3. 799.) says, the mere imitation of another's writing, the assumption of a name, or the alteration of a written instrument, when no person can be injured, do not come within the definition of the offence. How then can it be material, where the lands lie, if the act of forgery, and the existence of the fraudulent intention, both concur and happen within the state ? Most clearly, the prisoners have committed no offence cognizable by the laws of *Missouri ;* the *corpus delicti* is here, and here the prisoners are punishable, or no where. It seems, to me, that the admission that the offence may be punished as a misdemeanour here, yields the whole question. It can only be punished as an offence against our laws; and if it can be noticed at all, we must notice it as a forgery. The

forgery of bank bills issued by the banks of other states, when they are forged, or uttered, within this state, *scienter*, have been punished as offences within our statute, for a series of years, and without any doubt of our right to do so. The statute, with regard to these offences, contains the same general words. We have considered these offences, when committed here, as punishable under the statute, on the sole ground, that they were frauds upon our own citizens; and we perceive no difference in principle between the present case and such forgeries. In every view in which the case can be put, we are satisfied, that inasmuch as the fact of forgery was committed here, with the intention charged, to defraud a citizen of this state, it is immaterial that the lands intended to be conveyed by the forged deed were situate without the state.

Judgment accordingly.(*a*)

*a Hauy* was sentenced to the state prison for 14 years, and *Flanders* for seven years.